Bergan, J.
Immediately upon his conviction by a Judge
without a jury in the City Court of Syracuse of violation of section 260.10 (subd. 1) of the Penal Law, endangering the welfare of a child, appellant, a former student at Syracuse University and never before convicted of a crime, as the People concede, was sentenced to imprisonment of one year in the Onondaga Penitentiary.
The maximum imprisonment was imposed for the offense (Penal Law, § 70.15, subd. 1) without pausing to inquire or to direct examination into the mental or other personal circumstances of defendant, and without information being furnished to the Judge of'defendant’s background. The minimal standards of judicial inquiry would seem to require more than this.
The present procedural statute (CPL 390.20) makes it explicit that the court cannot impose sentence until it has a written report on a presentence investigation. A sentence of more than 90 days for a misdemeanor would have activated that requirement (subd. 2, par. [c]).
The statutory provisions effective at the time of this sentence, read together, seem to have imposed a similar duty on the Judge (former Code Grim. Pro., §§ 552, 931, 943). Section 943 provided that in cases of felony, or in any of the “ offenses ” specified in section 552, the court shall have “ the fullest information available ” as to the defendant’s previous criminal *406 record, if any, “as well as his social history, including any reports that may have been made as a result of a mental, psychiatric or physical examination Endangering the welfare of a child is one of a great many offenses “ specified ’ ’ (§ 552, subd. 4, par. [b]).
When one looks at section 931, quite independently of section 943, there is a strong implication that the court shall have a probation report on the offender showing an investigation of the social history of the case when the sentence is to be in excess of three months.
There do not seem to be any judicial decisions under these former code provisions which prescribe the presentence obligation of a Judge on a sentence of the kind imposed here and for an offense such as this one. The argument of the District Attorney that since there was no prior criminal record and there had been no psychiatric examination, the Judge had nothing to look at and so did not need to direct any inquiry seems inadequate. The place and nature of the offense would alert the Judge to become fully informed for the purpose of sentence by directing investigation and inquiry.
The practice commentary in connection with the new statute (GPL 390.20) by Peter Preiser as to the former practice under the code is consistent with a need to make inquiry before imposing sentence (McKinney’s Cons. Laws of N. Y., Book 11A, part 3, Criminal Procedure Law, pp. 116-117).
Among other things the commentary noted: “ The approach of the GPL is to strengthen the policy reflected in former Code sections 931 and 943 by clearly prohibiting sentence without a presentence report in certain circumstances. These circumstances are basically the same as the ones covered by the former Code ”.
This view of the statutory commentator was that such an inquiry would have been required in a case like the present one under the former code and that the new procedure, which spells out clearly that obligation in imposing a sentence for misdemeanor in excess of 90 days, was to “ strengthen the policy ” which had been “ reflected ” in the code.
The offense consisted of inducing the 15-year-old male complainant to go to a dormitory room in Syracuse University to *407 act as a “model”; and, while in the room, of making sexual advances to him. Although proof of the act itself was not corroborated, defendant’s offer of a “modeling” job at $5 an hour, and his leaving downtown Syracuse in a bus with complainant were independently established by the testimony of another boy. The complainant’s description of the room was in many detailed respects similar to other proof relating to the room.
Although there is no statutory requirement for corroboration as to a violation of section 260.10, a charge of this sort needs careful and guarded acceptance of the proof given by a youthful complainant. The other proof in this case, including the bizarre offer of $5 an hour to two young boys to pose as a “.model ” in a university dormitory, and proof that defendant and complainant started off together distinguishes this record from the thin proof in such cases as People v. Oyola (6 N Y 2d 259) and People v. Porcaro (6 N Y 2d 248). It, indeed, meets the test which Judge Fuld suggested in concurring in Porcaro (p. 252), that corroboration of the testimony of the child victim should be required.
Since the case is being remanded for resentence following upon investigation into and report to the court of defendant’s background and mental condition, it is unnecessary to reach the other points raised by appellant, e.g., the personal opportunity to answer an inquiry as to a reason why sentence should not be imposed under section 480 of the former Code of Criminal Procedure; since on resentence this opportunity will be afforded under the present practice (CPL 380.50 and 380.10). The point that a two-day delay in sentence was required by section 472 of the former code now becomes academic.
The order should be modified by reversing as to sentence and remanding for adequate reports to the court before reimposition of sentence; and otherwise affirmed. This would, in effect, affirm the conviction itself.
Chief Judge Fuld and Judges Burke, Scileppi, Breitel, Jasen and Gibson concur.
Order modified in accordance with the opinion herein, and, as so modified, affirmed.