THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT GORDIAN, Appellant.— Judgment, Supreme Court, Bronx County, entered August 9, 1971, convicting defendant upon his plea of guilty of criminal possession of a dangerous drug and sentencing him to an indeterminate term not to exceed three years, affirmed. Defendant asserts three grounds on which he claims his conviction and sentence should be vacated: inadequacy of representation, that his plea was coerced, and that he should have been given rehabilitation pursuant to section 208 of the Mental Hygiene Law. As to the first two of these claims, we are all agreed that the record affords no support for appellant's contention. Section 208 provides that when the defendant while in custody or when he appears before the court states, indicates or shows symptoms that he is a narcotics addict, or that fact otherwise appears, the defendant is to undergo a physical examination to determine whether he is an addict (§ 207, subd. 1) and the report is to be supplied to the court promptly (§ 207, subd. 4). On appearance for sentence the defendant did claim he was addicted. However, he did not request an examination nor a commitment to the custody of the Narcotics Addiction Control Commission. He wanted to be paroled to a private institution. And apparently he wanted that or nothing. Section 208 (subd. 4, par. b) leaves discretionary with the court, where there is a plea to a felony, whether to sentence the defendant in accordance with the Penal Law (except that a suspended sentence may not be given [subd. 5]) or place him in the custody of the commission. It has been decided that the provisions of section 207 are mandatory (*People ex rel. Ali v. La Vallee*, 36 A D 2d 140) and that even if the court has decided as a result of what has been learned in the proceedings that certification to the custody of the commission is inappropriate and that discretion will be exercised by a commitment to a penal institution, the court must, before sentencing, order an examination and receive the report (*People v. Odom*, 32 A D 2d 651). However, the same court that decided *La Vallee* sustained a sentence pronounced without an examination where the defendant had declined an opportunity for examination and commitment to the custody of the Commissioner (*People v. Huff*, 35 A D 2d 1033). The exercise of discretion to the sentencing Judge in the case of felony pleas is not limited. The only purpose of the examination is to determine whether or not the defendant is an addict. If the court has determined that despite that fact a sentence to a penal institution is called for, there is no necessity for an examination. It would appear that the only instances where a report would be of any assistance to the court is where the court is in doubt as to whether the defendant is an addict and would commit him to the Commissioner if he were, and where the court has in mind suspending sentence. Absent both of these considerations, it is beyond cavil that the defendant is not prejudiced by the failure to order an examination. Even assuming that the provisions of section 207 have all the force attributed to them, the examination then becomes a useless gesture the only consequence of which is to further the delay between conviction and incarceration in a State institution. As this delay is already one of the main causes of prison congestion and its attendant ills, procedures which serve only to exacerbate it should not be encouraged. Concur — McGivern, J. P., Steuer, Tilzer and Eager, JJ.; Murphy, J., dissents in the following memorandum: I disagree. Defendant was convicted of criminal possession of a dangerous drug in the

fifth degree. At the time of sentence his counsel requested an adjournment to enable defendant to enter Bronx State Hospital as an inpatient in its methadone maintenance program. After the application was denied and before sentence was imposed, counsel renewed his previous application, stating: "I once again ask your Honor to consider allowing the Defendant to begin a path of rehabilitation. As I said, there is a representative (from the Salvation Army) here. There is a bed available and the Defendant is supposed to enter Bronx State Hospital tomorrow morning to begin the methadone maintenance program. This case involves drugs. I don't know whether jail is a rehabilitative device. I don't think it is applicable to drug addicts. They seem to have less success, if any success at all in rehabilitation with drug addicts." Since defendant was charged with an offense under article 220 of the Penal Law and the sentencing court was apprised of the fact that defendant might be a narcotic addict, sentence should not have been imposed until sections 207 and 208 of the Mental Hygiene Law were complied with. (*People* v. *Odom,* 32 A D 2d 651; *People* v. *Largue,* 38 A D 2d 833; *People* v. *Carter,* 39 A D 2d 537.) Moreover, the record herein discloses that the Criminal Court, at the time of arraignment and predicated on the statement of the arresting officer, directed that defendant be examined, pursuant to the relevant provisions of the Mental Hygiene Law, to determine if he was an addict. No such examination appears to have been conducted and, in any event, no report of any such examination was submitted to the sentencing court. Accordingly, the judgment appealed from should be reversed and the case remanded for resentencing.