■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD DUNLOP, Appellant.— Judgment, Supreme Court, Bronx County, rendered May 17, 1973, convicting the defendant upon his plea of guilty of criminal possession of a dangerous drug (2d degree) and sentencing him to an indeterminate period of imprisonment not to exceed 12 years, unanimously reversed, insofar as it imposes sentence, on the law and the facts and in the exercise of discretion, and the matter remanded to the Judge who imposed sentence for resentence after a hearing in accordance with this memorandum, and otherwise affirmed. Part of the plea bargain was that if the appellant did not abscond while released on parole pending sentence, and co-operated with the authorities with respect to drug violators, the prosecution would recommend a sentence of no more

than six years for this Class B felony, and the Justice Presiding stated on the record that he would follow the prosecution's recommendation at the time of sentence. Appellant failed to appear on the scheduled date, and when he finally appeared for sentencing, the prosecution stated that the appellant had fled while on parole and had failed to co-operate with the authorities, and recommended a sentence of 15 years in prison based on the defendant-appellant's failure to keep his end of the bargain. The sentence imposed was a maximum of 12 years. Appellant contended that he did co-operate with his arresting officer, and further that he did not appear in court on the appointed date because he was hospitalized and thereafter had been arrested in Manhattan. His request for a hearing in order to produce witnesses to substantiate his excuses for failure to comply was denied. There was an issue here which should not have been determined in summary fashion. While the appellant may not prevail at a hearing, the interest of justice mandates one. (*People* v. *Serrano*, 43 A D 2d 516.) Concur — McGivern, P. J., Kupferman, Lupiano and Yesawich, JJ.