■   THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM SEAMAN, Respondent, v WARDEN, NEW YORK CITY CORRECTIONAL INSTITUTION FOR MEN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK ex rel. RONNIE OUTLAW, Also Known as RIVERS, Appellant, v WARDEN, NEW YORK CITY CORRECTIONAL INSTITUTION FOR MEN, Respondent.—Order, Supreme Court, Bronx County, entered May 5, 1976, unanimously reversed, on the law, and the writ of habeas corpus dismissed, without costs and without disbursements. Orders, Supreme Court, Bronx County, entered March 25, 1976 and May 13, 1976, unanimously reversed, on the law, and the writ of habeas corpus dismissed, without costs and without disbursements. Relator William Seaman pled guilty to criminal trespass in the second degree in satisfaction of all charges in the indictment upon the condition that a one-year sentence be imposed. He had been charged with robbery in the first degree, burglary in the third degree, criminal mischief in the fourth degree, and criminal possession of a dangerous weapon in the fourth degree. Relator asked to be sentenced immediately. He knowingly waived his right to a probation report and to an appeal of the sentence. The report prepared to release defendants on their own recognizance (ROR Report) and the sheet showing all previous arrests of defendant and the dispositions therein (NYSIIS) were substituted for the probation report. Relator Ronnie Outlaw pled guilty to criminal trespass in the first degree and criminal mischief in the third degree upon the condition that a one-year sentence be imposed. He had been charged with burglary in the second degree and criminal mischief in the third

degree. At relator's request, and over the objections of the District Attorney, the ROR report and NYSIIS sheet were substituted for a probation report. Each relator has brought a writ of habeas corpus claiming, under CPL 390.20 (subd 2, par [c]), the sentence was improper. CPL 390.20 (subd 2) provides: "Where a person is convicted of a misdemeanor, a pre-sentence report is not required, but the court may not pronounce any of the following sentences unless it has ordered a pre-sentence investigation of the defendant and has received a written report thereof: * .* * (c) A sentence of imprisonment for a term in excess of ninety days". The court dispensed with the probation report at the specific request of each defendant. The defendants reaped the benefit of avoiding the risk of being convicted of the felonies of which they were accused and receiving long prison sentences. We acknowledge the strong public policy considerations which support the need for pre-sentence reports. (See *People v Selikoff*, 35 NY2d 227, 238.) Furthermore, we recognize *People v Carter* (31 NY2d 964) and *People v Gordian* (39 AD2d 861) in which mandatory narcotics examinations pursuant to section 207 of the former Mental Hygiene Law required under the circumstances in those cases were excused, are not controlling. However, we hold that where a defendant pleads guilty conditioned upon a specified sentence, requests immediate sentencing, and knowingly waives a presentence report, he cannot thereafter assert the sentence was improper. Compare *People v Aiss* (29 NY2d 403) where defendant was found guilty after a trial. We note that defendants are not seeking to vacate their pleas of guilty and stand trial on the original charges. Concur—Stevens, P. J., Kupferman, Birns, Silverman and Nunez, JJ.