■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN W. DOWDELL, Appellant.—Appeal from a judgment of the County Court of Clinton County, rendered March 6, 1979, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree. Defendant was charged in an indictment with four counts of assault in the second degree (Penal Law, § 120.05), allegedly committed on four different corrections officers. The counts accused the defendant of causing injury to each officer "with intent to cause injury to a Peace Officer * * * by striking with fists and kicking him about the head, limbs and body." The court denied defendant's omnibus motion, including a request to dismiss the indictment,

and allowed the District Attorney to amend the indictment so as to include all of the elements of assault in the second degree. Thereafter, defendant entered a plea of guilty to attempted assault in the second degree. He was sentenced to an indeterminate term with a maximum of three years and a minimum of one and one-half years to run concurrently with any other sentence defendant was then serving. On this appeal, defendant raises five issues urging reversal. Initially, we reject the contention that the court failed to establish that defendant's guilty plea was understandingly and voluntarily made. A careful examination of the colloquy between the court and defendant clearly demonstrates that the plea was voluntary and knowingly entered. Furthermore, the plea was the result of "plea bargaining" and defendant received the precise sentence agreed upon. In view of this determination, all nonjurisdictional defects were waived by the guilty plea (*People v La Ruffa,* 40 AD2d 1022, affd 34 NY2d 242, remanded 419 US 959, affd on rearg 37 NY2d 58, cert den 423 US 917). Consequently, it is unnecessary to consider defendant's contentions that the court erred in denying defendant's motion to dismiss the indictment and in allowing an amendment. We also reject defendant's contention that there was a failure to comply with the requirements of CPL 400.21. The record establishes that defendant, at the time of his plea, was serving a 5- to 15-year term in Clinton Correctional Facility resulting from a conviction on April 2, 1974 in Broome County for the crime of robbery in the first degree. There was, therefore, substantial compliance with the statute (*People v Smith,* 70 AD2d 691; see *People v Hodge,* 52 AD2d 673). As to the final issue raised by defendant that CPL 390.20 (subd 1) was not complied with, we find, on this record, that it was waived. Both defendant and his attorney answered in the negative when asked by the court if they wanted an adjournment before sentencing. The attorney further stated "he would like to proceed today". The record demonstrated defendant's previous felony conviction and defendant received the sentence agreed upon. Furthermore, there is no contention that the sentence itself was improper, excessive or harsh. The judgment, therefore, should be affirmed (see *People ex rel. Seaman v Warden, N. Y. City Correctional Inst. for Men,* 53 AD2d 848). Judgment affirmed. Sweeney, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.