■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BERNARD R.

BLIGEN, Respondent.—Order of the Supreme Court, Bronx County, dated February 23, 1979, granting respondent's (defendant's) motion under CPL 440.20 (subd 1) to set aside the sentence of an indeterminate term of imprisonment not to exceed seven years imposed on June 20, 1978, unanimously affirmed. Defendant was indicted on charges of attempted robbery in the first degree (a class C felony) and lesser offenses. On October 11, 1977, pursuant to plea negotiations, defendant entered a guilty plea to attempted robbery in the second degree (a class D felony) in satisfaction of the indictment. The court informed defendant that, unless the probation report indicated any prior felony convictions or important new information, defendant would receive a sentence of an indeterminate term of imprisonment of not more than four years on a class E felony, but if defendant failed to appear for sentencing the court would impose a sentence of not more than seven years on a class D felony. Defendant failed to appear at the probation department for an interview. The matter was adjourned and defendant again failed to appear. The court issued a bench warrant which was executed. Upon being produced pursuant to the warrant, defendant was sentenced to an indeterminate sentence with a maximum of seven years. Defendant moved under CPL 440.20 to set aside the sentence. On February 23, 1979, the sentencing Judge granted the motion and vacated the sentence, stating that, in sentencing defendant without a hearing to a maximum of seven years, he had abdicated his sentencing discretion. On October 26, 1979, the Judge resentenced defendant to an indeterminate term of imprisonment not to exceed four years. The People contend, *inter alia,* that the court's action in vacating the sentence of June 20, 1978 was unauthorized by CPL 440.20, and that the vacatur violated the explicit terms of the negotiated plea. The People's contentions are without merit. In automatically imposing a maximum term of not more than seven years without a hearing to determine whether defendant's failure to appear for sentencing was intentional, the court, as it recognized, improperly exercised its discretion. The sentence was, therefore, possibly illegal and could be vacated under CPL 440.20 (subd 1) by the sentencing court. Although the negotiated plea made the seven-year sentence possible, the sentence was not mandated. A negotiated plea may validly specify sentencing alternatives (see *People v Murello,* 39 NY2d 879; see, also, *People v Dunlop,* 47 AD2d 622). Such plea places a limitation on the maximum which may be set. The court is, however, free to impose any lesser term permitted by law. The ultimate choice of sentence is within the court's sound discretion *(People v Selikoff,* 35 NY2d 227). Concur—Kupferman, J. P., Birns, Markewich, Ross and Lynch, JJ.