OPINION OF THE COURT
Stanley Gartenstein, J.
Plea bargaining has emerged as the “hot” issue whose time has come. While public debate focuses on moral and philosophical aspects, the legal issues relevant thereto are being telescoped in a series of recent decisions codifying this potentially troublesome area of the law. Obviously, with judicial codification of a relatively new subdiscipline within the criminal law taking place so rapidly, important basic areas are left in doubt. We deal here with one of these, the question of whether or not a presentence investigation may be waived by a defendant. Even though the law appears to be clear in this department, conflict between the different Appellate Divisions coupled with doubts created by the latest holding of the Court of Appeals would appear to underscore the necessity of appellate proceedings to clarify the law in this important area.
THE FACTS
Defendant Rudolph Powell was arrested on November 13, 1980 and charged with felony possession of a controlled substance (Penal Law, § 220.39). He was paroled for hearing to be held on November 24, 1980 at which time, pursuant to a negotiated plea before Judge Eugene Nardelli, the *611 charges were reduced to one possessory count under section 220.03 of the Penal Law and a plea entered to the class “A” misdemeanor in exchange for a promised four-month sentence to be imposed on January 6, 1981. Presentence investigation was specifically waived on record. Thereafter, upon Judge Nardelli’s elevation to the Supreme Court, the matter came before the undersigned at which time defendant moved to vacate his waiver of presentence investigation. Decision was reserved and imposition of sentence stayed sua sponte pending determination of this issue.
Of threshold significance is the fact that defendant’s waiver of presentence investigation formed an integral part of a plea bargain wherein the People, in consideration therefor did reduce the charges thus vesting jurisdiction in this court. We find from the record that defendant’s waiver was an informed one executed by a sophisticated career criminal whose 74 prior arrests date from a 1944 conviction for rape and show impressive expertise in manipulating the criminal justice system. We hold accordingly that if in fact a waiver of presentence investigation supporting a plea bargain is permissible, it may not be withdrawn absent the existence of such factors as would support an application to withdraw a guilty plea itself. We find no remote hint of such factor herein.
WAIVER OF PRESENTENCE INVESTIGATION
The requirement that a presentence investigation be conducted may be found in CPL 390.20 (subd 2, par [b]) which reads:
“2. Requirement for misdemeanors. Where a person is convicted of a misdemeanor a pre-sentence report is not required, but the court may not pronounce any of the following sentences unless it has ordered a pre-sentence investigation of the defendant and has received a written report thereof:
“(a) A sentence of probation;
“(b) A sentence of imprisonment for a term in excess of ninety days;
“(c) Consecutive sentences of imprisonment for terms aggregating more than ninety days.”
*612 The question of whether or not a waiver of presentence investigation is permissible has reached three departments of the Appellate Division with different results. In People ex rel. Seaman v Warden, N. Y. City Correctional Inst. for Men (53 AD2d 848) the First Department ruled in the affirmative. Concurring with this holding and going further, the Third Department made a similar ruling in People v Dowdell (72 AD2d 622) holding that a simple indication on record that a defendant requested immediate sentence was sufficient to spell out an enforceable waiver thereof (citing People ex rel. Seaman v Warden, N. Y. City Correctional Inst. for Men, supra, as authority). On the other hand, the Second Department ruling directly to the contrary in People v Grice (64 AD2d 718) held that even with an unequivocal waiver on record, “It was error to pronounce sentence without first receiving a presentence investigation report (see CPL 390.20, subd 1). The requirement of CPL 390.20 (subd 1) is not waivable [citing People v Bentley, 78 Misc 2d 578; People v Selikoff, 35 NY2d 227, 238].”
Because we find ourselves within the First Department, controlled by Seaman (supra), unless overwhelming subsequent authority convinces us to the contrary, our course appears to be clear. In considering the current applicability of Seaman, it would be well to bear in mind that both the First and Second Department rulings were promulgated in the aftermath of People v Selikoff (supra) and prior to People v Farrar (52 NY2d 302) whose impact is still unclear because of its recent vintage. What stands out immediately is that both the First and Second Departments, in coming to diametrically opposite results, found it necessary to refer to Selikoff, the Second Department citing it as controlling, and the First Department, conceding it to be of crucial importance, but holding that while “strong public policy considerations *** support the need for presentence reports [citing Selikoff!,” nevertheless “we hold that where a defendant pleads guilty conditioned upon a specified sentence, requests immediate sentencing, and knowingly waives a presentence report, he cannot thereafter assert the sentence was improper” (People ex rel. Seaman v Warden, N. Y. City Correctional Inst. for Men, supra, p 849).
*613 How could two respected appellate courts obtain different readings of the same case and arrive at diametrically opposite rulings? Insight into this question may be obtainable by a reading of the troublesome passage in Selikoff (supra, p 238). “A Judge may not ignore those provisions of law designed to assure that an appropriate sentence is imposed (cf. People v. Lopez, 28 N Y 2d 148, 151). Thus, any sentence ‘promise’ at the time of plea is, as a matter of law and strong public policy, conditioned upon its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources. That the court in the Selikoff case did not explicitly condition its ‘promise’ (although the implication could hardly be clearer) upon its later evaluation after reading the presentence report, or the facts it learned from the trial of the codefendants, is therefore of no consequence.” (Emphasis added.)
While the Court of Appeals did not specifically rule on whether or not a presentence report may be waived, the strong language of Selikoff (supra) placing such heavy reliance thereon would seem to portend a climate of opinion favorable to the holding of the Second Department. Nevertheless, Seaman (supra) decided by the First Department in which we find ourselves, found room to allow waiver based upon the availability at sentence contemporaneous with the negotiated plea, of defendant’s “rap sheet” (NYSIS computer printout of prior arrests and dispostions) and “ROR interview” (prepared prior to arraignment by Pretrial Services) which would serve as a basic informational reservoir upon which the court could exercise its discretion.
Subsequent to these holdings but prior to the return date for final arguments on the question before us, the Court of Appeals issued its latest plea bargaining ruling in People v Farrar (52 NY2d 302, 306) in which it held: “Contrary to the People’s argument, the court cannot be deemed to have finally exercised its discretion at the time that the plea, with the proposed sentence, is accepted. While the court legitimately may indicate that a proposed sentence is fair and acceptable, the necessary exercise of discretion cannot be fixed immutably at the time of the plea, for the decision *614 requires information that may be unavailable then. Indeed such a view of the plea bargaining process and sentencing function was expressly disapproved in People v Selikoff (35 NY2d 227). The court there made clear that the sentencing function rests primarily with the Judge, whose ultimate obligation is to impose an appropriate sentence and who must exercise his or her responsibility at the time of sentencing in the light of information obtained from the presentence report or other source (id., at pp 238-240). Any other rule would negate the distinctions between the court’s role in sentencing and accepting a plea and ignore the procedures designed to ensure that an appropriate sanction be imposed. Thus, a sentence negotiated prior to the plea, and in most cases prior to receipt of a presentence report, does not automatically become the sentence of the court. Just as the court must be free to impose a more severe sentence when warranted, the plea and sentence process must leave the court leeway to consider a lesser penalty when the facts and justice so require. No less can be accepted if the integrity of the criminal justice system is to be maintained.” (Emphasis added.)
Although the narrow holding of this case establishes the People’s heretofore unknown right to have a plea vacated followed by prosecution on the original charge where the presentence investigation convinces the court that a plea bargain should not be honored, it would appear that the Court of Appeals by way of dicta does in fact expect and might well be held to require that a presentence report not be waivable and actually available for sentence. Its clear reference to the fact that the sentencing “decision requires information that may be unavailable then” (viz., at the time the plea is negotiated and entered) would seem to signal an expectation that reliance upon a “rap sheet” and “ROR interview” both of which are available upon initial arraignment, would be insufficient. The First Department in Seaman (53 AD2d 848, supra) speaks in the present tense; the Farrar court appears to speak of the present coupled with that which a future investigation might uncover, and would appear to hint at an expectation of a required, nonwaivable presentence investigation.
Given the above arguendo, it is nevertheless obvious that the quoted language of Farrar (supra), being unneces *615 sary to the holding therein, would fall into the category of obiter dicta. While we respectfully believe that it portends nonwaivable presentence investigation, as a nisi prius court within the First Department we would demonstrate untoward arrogance were we to disregard the clear law in this department in favor of our own reading of the dictum in Farrar. We accordingly rule in accordance with Seaman (supra) and urge appellate proceedings to reconcile the disagreement between the respective Appellate Divisions as well as to ascertain the actual intent of the Court of Appeals. Imposition of sentence is accordingly stayed for 30 days during which defendant shall, if so advised, file a notice of appeal and move for an appellate stay of sentence. In default of same, on the recalendared date, defendant shall surrender to commence service of his sentence.