OPINION OF THE COURT
George A. Reed, J.
. The defendant was indicted for driving while intoxicated as a felony and, when arraigned, requested a preplea report. At the expiration of the 45-day Motion Calendar, the case was placed on the Trial Calendar. On December 29, 1981, the court conducted a pretrial conference. Although six weeks had passed, the preplea report had not been prepared. A preplea sentence commitment of 60 days’ intermittent, license revocation, and five years’ probation was indicated if the defendant pleaded by January 4,1982. On that date, the defendant entered a plea, expressly waived a presentence report, and asked for an immediate sentence. The report of defendant’s prior criminal record showed only the predicate driving while intoxicated arrest. It was conceded that there was no accident, that the defendant was employed and held a part-time job on weekends. The court imposed the indicated sentence despite the lack of a presentence probation report. The Probation Department now asserts that the sentence was illegal and requests a resentence.
CPL 390.20 (subd 1) provides that the court may not pronounce sentence without a presentence report. Some *124 courts have stated that the provision is mandatory and may not be ignored. (People v Selikoff, 35 NY2d 227, 238; People v Aiss, 29 NY2d 403; People v Halaby, 77 AD2d 717.) Others have held it to be nonwaivable. (People v Grice, 64 AD2d 718; People v Bentley, 78 Misc 2d 578.) Others have held the probation report to be waivable. (People ex rel. Seaman v Warden, 53 AD2d 848; People v Dowdell, 72 AD2d 622, 623; People v Griffith, 43 AD2d 20.)
In the present case, the defendant personally concurred in the request for an immediate sentence because he did not want to lose any more time from work. The legislative intent that the Judge make an informed judgment in imposing sentence is clear. However, in this case, the probation report only will serve to confirm the facts already known to the court. The facts relating to the crime are not complex. The prior record was before the court. The defendant’s employment and social circumstances were conceded. In addition, this court is involved with a program with an alcoholism counseling agency with a view that his license will be restored before five years which will involve screening and evaluation by that agency.
The sentence imposed is valid.