OPINION OF THE COURT
Bernard J. Fried, J.
Defendant, pursuant to a negotiated plea, was promised a “no jail” sentence, conditional on his not committing a further crime. It was a part of the plea bargain that if this condition, among others, was breached then I would be relieved of my obligation, would be free to impose any sentence permitted by law, and that in such event defendant would not be allowed to withdraw his guilty plea. Defendant then pleaded guilty to a reduced charge of attempted petit larceny (Penal Law, §§ 110.00,155.25) and the case was adjourned for imposition of sentence. However, before sentencing could be imposed, defendant was rearrested and indicted for robbery in the first degree (Penal Law, § 160.15). When defendant appeared for sentencing on the instant case, the issue was raised whether mere proof of the indictment was sufficient to establish a violation of the sentencing condition, or whether it was necessary that defendant actually be convicted of the subsequent crime.
The correct answer lies somewhat in-between: proof of an indictment for a subsequent crime is insufficient to establish a violation of the sentencing condition. However, *638 it is sufficient to trigger a sentencing hearing to determine, by a preponderance of the evidence, whether the defendant committed such crime. If the People meet this burden of proof, then the sentencing court is relieved of its obligation to comply with the promise and any sentence permitted by law may be imposed.
As a starting point, it is undisputed that a plea promise may be made conditional. (See People v Selikoff, 35 NY2d 227.) And it has been recognized that one such condition that may be lawfully imposed is that the defendant not be rearrested prior to sentencing. (People v Murello, 39 NY2d 879.) A condition that one not commit a further crime is, a fortiori, lawful.
In contending that the condition “commit a crime” must be construed to mean “convicted of a crime,” defendant relies not on minutes of the plea proceedings, or an affidavit of defendant that he so understood the condition, but rather on two out-of-State decisions. The first case, Metcalf v Commonwealth (338 Mass 648), interpreted a juvenile delinquency jurisdictional statute which contained the phrase “commits an offense not punishable by death.” It was in that context, following a plea to murder in the second degree, a noncapital offense, that it was determined that the offense “committed” was not punishable by death and that (p 653) “in the peculiar circumstances of this case” involving juvenile offender legislation, the proper court should have been one having jurisdiction over juvenile offenders. This highly technical decision, construing jurisdictional statutes, is a far cry from the instant case. So too Shargaa v State (102 So 2d 814 [Fla]) is dissimilar, since that case dealt with the draftsmanship of a second information which alleged, in one information, the present crime defendant was charged with committing, as well as a prior conviction. While Shargaa did read the word “committed” as requiring a conviction, this holding was in the context of an information that prejudicially exposed a prior conviction to a trial jury. Again, quite different from the instant case. When the defendant here was advised of the sentence condition, there was no statement or indication that it involved conviction for a crime. Nor as observed, is there any credible claim that defendant so understood, or *639 more accurately, misunderstood the conditions. What was meant is what was said and understood.
Having concluded that the phrase “commit a further crime” means just that, the next question is whether the indictment, as urged by the People, established that defendant, in fact, did commit a further crime. It is correct that the return of an indictment is prima facie proof that the majority of the Grand Jury quorum found that it had legally sufficient, as well as competent and admissible, evidence establishing reasonable cause that the defendant “committed such offense” (CPL 190.65, subd 1, par [a]). However, since the defendant lacked the ability to meaningfully* participate in the proceeding, it would be unfair to permit the People to rely on the indictment itself, and, in my view, an in camera or even an adversarial inspection of the minutes would not suffice. A matter of this nature should not be determined by a summary proceeding that denies defendant an opportunity to confront and challenge the evidence against him. (People v Bligen, 72 AD2d 678.) Thus, defendant is entitled to a hearing where the People may, if they choose, produce witnesses, or other competent evidence, to substantiate their claim that the defendant has committed another crime. (Cf. People v Dunlop, 47 AD2d 622; see, also, People v Wright, 104 Misc 2d 911.)
Curiously, the requisite standard of proof at such a hearing does not seem to have been previously decided. Thus, it is appropriate to turn to an apt analogy, CPL 410.70, which specifies that the standard to be followed at a hearing on a violation of conditions of probation is “preponderance of the evidence.” There is a distinct functional similarity between the two, since each involves a condition in a particular case, the breach of which, in each event, will expose the defendant to any sentence otherwise permitted by law. That one is a condition precedent and the other a condition subsequent does not detract from their evident sameness. And in each context the problem of a new criminal violation arises. For example, in People v Crandall (51 AD2d 841), an express probation condition *640 concerning “commission of an additional offense” was added to the standard probation order. Thereafter, the defendant was arrested and charged with a new crime which precipitated the filing of a violation of probation. A hearing was held at which commission of the new crime was established by a preponderance of the evidence. This was sufficient, held the Appellate Division, Third Department, since defendant had formal notice of the conduct that allegedly breached the condition, he was represented by counsel and had a full and complete adversary hearing. Under these circumstances, the court held there was no need to await the outcome of an actual trial on the new charge; an implicit rejection of the higher “beyond a reasonable doubt” standard. Thus to paraphrase, People v Carter (43 AD2d 655), another decision concerning a probation violation, there a prohibition against possession of a firearm or other dangerous weapon, conduct itself generally regarded as criminal (Penal Law, art 265), the finding of a sentence condition violation must only be supported by a preponderance of the evidence, not established beyond a reasonable doubt.
Accordingly, the case will be scheduled for a sentencing hearing, before me and if after a full evidentiary hearing, and after affording defendant a full opportunity to cross-examine the People’s witnesses and to present evidence on his own behalf, it is determined, by a preponderance of the evidence, that defendant has breached a condition of the sentencing promise, then I will be relieved of my part of the plea bargain and will be free to impose any sentence permitted by law.

 That the defendant is permitted to testify in the Grand Jury, under conditions specified in CPL 190.50 (subd 5) and to have his attorney present, CPL 190.52, is not enough. As shown below, he is entitled to more.