## (January 12, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W. LAWRENCE and ROBERT T. WESTERVELT, Appellants. — Appeals from judgments of the Supreme Court at Special Term (Vogt, J.), rendered May 17, 1979 in Albany County, convicting defendants upon their pleas of guilty of the crime of official misconduct. In December, 1977, an Albany County Grand Jury which had been investigating police corruption in the Albany County Police Department returned separate indictments against several policemen. Among the indictments, defendant David Lawrence was charged with one count of bribe receiving in the second degree, alleged to have occurred on June 25, 1977, and defendant Robert Westervelt was charged with one count of bribe receiving in the second degree, alleged to have occurred on May 7, 1977. Thereafter, the Grand Jury returned a superseding indictment which charged Lawrence, Westervelt and two other policemen with the crimes of grand larceny in the first degree, bribe receiving in the second degree, receiving reward for official misconduct in the second degree and conspiracy in the third degree. In the count charging bribe receiving, the indictment alleged that the four officers, during 1976 and 1977, "as part of a common continuous course of

conduct", took money and were influenced "collectively and individually" not to perform police duties. Similarly, in the count charging receiving reward for official misconduct, the indictment alleged that the officers, during 1976 and 1977, "as part of a common continuous course of conduct", took money in return for their willful and intentional omission "both collectively and individually" to enforce the laws. The other counts contained language to the same effect as that quoted. Thereafter, the four officers were jointly tried on the superseding indictment. The trial court dismissed the grand larceny and conspiracy charges against all four officers and, upon motion by the People and over objections by the four officers, amended the superseding indictment by deleting from the remaining counts the language quoted above. The jury was unable to come to a verdict as to defendants Lawrence and Westervelt and a new trial was set. These two defendants again moved to dismiss the amended superseding indictment, but the trial court denied the motion, holding that the amendment was procedural in nature. Defendants then pleaded guilty to misdemeanor charges of official misconduct in full satisfaction of the amended superseding indictment. These appeals ensued. In *People v Dowdell* (72 AD2d 622, 623), we recognized the long-established principle that all nonjurisdictional defects are waived by a guilty plea and went on to hold that, therefore, in light of the defendant's guilty plea, it was unnecessary to consider his contention that the trial court erred in allowing an amendment to the indictment. Thus, we determined that errors in allowing amendments to indictments were nonjurisdictional defects which are waived by a guilty plea (see, also, *People v Iannone,* 45 NY2d 589, 600-601). Accordingly, in light of defendants' guilty pleas, which were apparently made voluntarily and knowingly and resulted from plea bargaining, defendants waived the opportunity to challenge on appeal any error in granting the amendments to the superseding indictment. Judgments affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.