■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN ANDUJAR, Appellant.

On February 1, 1983, the defendant entered a plea of guilty to robbery in the first degree in satisfaction of all charges contained in the indictment against him. He admitted that at approximately 2:10 P.M. on July 16, 1982, he entered certain premises at 401 East 81st Street with the intention of burglarizing it. A woman was in the apartment, and he pointed a large kitchen knife at her, demanding her jewelry. After she had turned over her jewelry, the defendant was apprehended by some neighbors. The police subsequently arrived and arrested him. The court thereupon delivered a recital of the rights which the defendant was waiving as a result of his guilty plea, and the defendant acknowledged that he understood. The People then informed the court that the defendant was a violent predicate felony offender. The defendant agreed that such was his status, and the court promised to sentence him to the minimum term of imprisonment authorized for a person who is convicted for the

crime in question and is a violent predicate felon — that is, a maximum of 12 years and a minimum of 6 years.

When the defendant appeared for sentencing on February 24, 1983, the prosecution announced that the defendant was not, in fact, a violent predicate felon but a predicate felon, having previously been convicted of robbery in the third degree. The defendant was rearraigned accordingly, and the court inquired if the defendant or his attorney wished to be heard before sentence was imposed. The defense counsel replied that since there was a negotiated plea, he had nothing to say. The defendant asserted that he had been a drug addict for the past 30 years and, therefore, desired placement in a rehabilitation program following service of his sentence. The court then explained that it had not yet been furnished with a presentence report notwithstanding the fact that the Probation Department had had 23 days in which to prepare one. The court further stated that it was sufficiently familiar with the defendant's background to sentence him pursuant to the negotiated plea and file the probation report upon its receipt. No objection was raised regarding the court's avowed intention, and sentence was thereafter imposed.

CPL 390.20 (1) provides that: "In any case where a person is convicted of a felony, the court must order a pre-sentence investigation of the defendant and it may not pronounce sentence until it has received a written report of such investigation." In that connection, the Court of Appeals has declared that a "penal sanction has, at least, the purposes of deterrence, rehabilitation, and social protection. To enable the court to perform its function, the statute mandates, and it is the public policy of this State to require, a presentence report before sentence be imposed". (*People v Selikoff,* 35 NY2d 227, 238, *cert denied* 419 US 1122; *see also, People v Aiss,* 29 NY2d 403.)

However, the People contend that the filing of a presentence report is not an absolute necessity and may be waived, citing *People ex rel. Seaman v Warden* (53 AD2d 848). While it is true that this court held therein (p 849) that "where a defendant pleads guilty conditioned upon a specified sentence, requests immediate sentencing, and knowingly waives a presentence report, he cannot thereafter assert the sentence was improper", the sentence involved in that case was criminal trespass in the second degree, a class A misdemeanor. (Penal Law § 140.15.) In view of the great importance of a presentence report as an aid to sentencing, which is demonstrated by the Legislature's adoption of a clear statutory requirement for such a report, we decline to extend our limited ruling in *Seaman* to hold that a waiver in a

felony situation may be implied simply from the defendant's failure to object to being sentenced in the absence of a report. Indeed, we believe that an individual who has pleaded or been found guilty after trial of a felony should not be sentenced without a presentence report. (For contrary opn by 3d Dept, *see, People v Dowdell,* 72 AD2d 622.) Since it is a legal imperative that the court not pronounce sentence until it has received a written presentence report, the defendant is entitled to have his sentence vacated and the matter remanded for further proceedings. Concur — Sandler, J. P., Ross, Asch, Milonas and Rosenberger, JJ.