THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENIO VILLEGAS, Also Known as EGENILO VILLEGAS, Appellant.

First Department, April 20, 1989

## APPEARANCES OF COUNSEL

*Joseph M. Sise* of counsel *(Stanley R. Kaplan* with him on the brief; *Robert T. Johnson, District Attorney,* attorney), for respondent.

*Richard Joselson* of counsel *(Philip L. Weinstein,* attorney), for appellant.

## OPINION OF THE COURT

WALLACH, J.

Under CPL 390.20 (1), the court is required to consider a presentence report before imposing sentence in a felony case. Previously, we have been reluctant to hold that such a report can be waived by the defendant *(People v Andujar,* 110 AD2d 606; *People v Brock,* 48 AD2d 790). The People now ask us to hold that it can be forfeited. Unlike waiver, which results from a knowing decision to relinquish a right and involves an evaluation of the defendant's state of mind, forfeiture results as a matter of public policy by operation of law and is based on objective facts without regard to the defendant's actual state of mind *(People v Corley,* 67 NY2d 105, 110). As disinclined as we have been to hold that a presentence report can be waived, we are no more inclined to hold that it can be forfeited.

By indictment filed September 21, 1984, defendant was charged with rape in the first degree, sodomy in the first degree, kidnapping in the second degree, robbery in the first and second degrees, two counts of assault in the second degree and criminal possession of a weapon in the fourth degree. The indictment was satisfied on May 15, 1985 by defendant's plea of guilty to sexual abuse in the first degree given in exchange for a promise that his sentence would not exceed 2½ to 5 years in prison. The court permitted defendant, who had been out on bail, to remain at liberty pending sentence, which was

scheduled for June 12, 1985, but warned him, in no uncertain terms, that if he did not appear for sentencing or cooperate with the Department of Probation the sentence would be enhanced to 3½ to 7 years. On June 12, 1985, defendant did not appear in court for sentencing, whereupon the court issued a bench warrant for his arrest. Two months later, on September 6, 1985, the court, after conducting a hearing at which defendant was absent but represented by counsel, determined that defendant had voluntarily absented himself from the proceedings and that the People had made diligent efforts to locate him, and accordingly sentenced him in absentia. Before pronouncing sentence, the court heard argument from defense counsel, who urged imposition of the originally negotiated sentence, but the court imposed the enhanced sentence it said it would in the event of defendant's nonappearance. The court did not have before it a presentence report from the Department of Probation.

Subsequently, defendant was apprehended and, on October 29, 1985, brought before the sentencing Judge, who informed him that he had been sentenced in absentia on September 6, 1985 and directed that the sentence be executed. Defendant then asked, "Don't I have a lawyer?", to which the court responded, "Tell him he has been sentenced in absentia."

On December 18, 1985, the Department of Probation issued what it denominated as a "postsentence report". With respect to defendant's failure to appear for sentencing, the report stated that defendant told the probation officer who interviewed him that at or about the time the sentencing was scheduled he was enrolled in a treatment program for alcohol dependence on Ward's Island, and had forgotten the date he was supposed to appear in court. The report also noted the ordering of a presentence report by the court on May 15, 1985 when defendant pleaded guilty, and defendant's subsequent failure to appear for several scheduled appointments with probation officials. There is no indication in the record that this report was ever presented to or considered by the court.

On appeal, defendant first argues that the sentence should be vacated and the matter remanded for resentencing because of the court's "plain" violation of CPL 390.20 (1), which provides: "In any case where a person is convicted of a felony, the court must order a pre-sentence investigation of the defendant and it may not pronounce sentence until it has received a written report of such investigation." Against this, the People argue that defendant, by absconding, forfeited his

"statutory right to have a sentencing court review a presentence report before imposing sentence". This argument is based primarily on *People v Corley* (67 NY2d 105, *supra)*, wherein it was held that the defendant's statutory right to be present at sentencing (CPL 380.40 [1]) can be forfeited "by absconding to frustrate scheduled proceedings before the Trial Judge in connection with sentencing" *(supra,* at 110). If, as a matter of public policy, the right to be present at sentencing can be forfeited by a failure to appear at sentencing, then, for the same policy reasons, the People argue, a failure to cooperate in the presentence investigation should result in a forfeiture of the right to a presentence report.

This analogy is not quite complete. Whereas a defendant's voluntary absence from the proceedings necessarily requires that he be sentenced in absentia, neither such absence, nor a refusal to cooperate with probation officials, necessarily frustrates the preparation of a presentence report. To be sure, the report will not be as thorough and informative as it would be were the defendant available and amenable to interview, and there will be cases where information relevant to the question of sentence beyond what is already known to the court at the time of conviction cannot be gathered unless the defendant does cooperate. Nevertheless, the applicability of the statute is not made to depend upon the defendant's cooperation or the availability of information about him. No less crucial than the actual gathering of information about the defendant by the Department of Probation is that agency's analysis of whatever information is available, no matter how scanty *(see,* CPL 390.30 [3]).

Strong policy considerations underlie our rejection of the People's argument of forfeiture. Contrary to their characterization of CPL 390.20 (1), that statute does not create a right, as such, to a presentence report. Rather, it creates a tool for use by the court better to enable it to perform its sentencing function *(People v Selikoff,* 35 NY2d 227, 238). It is the community at large, not the defendant, that most directly benefits from a statute that assures an appropriate sentence. Indeed, because "any sentence 'promise' at the time of plea is, as a matter of law and strong public policy, conditioned upon its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources" *(supra,* at 238), this supposed "right" of a defendant to a presentence report can work to his detriment when a plea bargain is withdrawn by the court because of a bad

report as well as to his benefit when no plea bargain is made and the report is good. And, because we do not think that a defendant should be able to hedge against the possibility of a bad report by waiving the statute, we have been reluctant, more so than other courts, to hold that such a waiver can be effectively made *(People v Andujar,* 110 AD2d 606, *supra; compare, People v Dowdell,* 72 AD2d 622 [3d Dept]; *but see, People ex rel. Seaman v Warden,* 53 AD2d 848 [1st Dept], presentence report can be waived when defendant convicted of only a misdemeanor). We are no less reluctant to hold that the report can be forfeited. As we said in *People v Andujar (supra,* at 608), the report is a "legal imperative".

■ Defendant also argues that his right to counsel and due process were violated when, on October 29, 1985, he was brought before the sentencing Judge for "execution of sentence" and, at that critical stage of the proceedings, afforded neither counsel nor the opportunity to explain his absence at sentencing. According to defendant, because the failure to appear at sentencing was, in effect, a new charge against him, due process required that an enhanced sentence based on that absence not be executed until he was first given the opportunity to explain it (citing *People ex rel. Menechino v Warden,* 27 NY2d 376; *Mempa v Rhay,* 389 US 128; *Bearden v Georgia,* 461 US 660). While we do not disagree with defendant that the sentence imposed in absentia could have been modified by the sentencing Judge, had he been so inclined, when defendant was subsequently produced on the bench warrant (CPL 430.10; Penal Law § 70.30 [1]), we do disagree that the proceedings were then at a critical stage. The critical stage had passed once sentence had been imposed, albeit in absentia, and it was within the discretion of the sentencing Judge to direct that defendant begin serving that sentence immediately. Indeed, had the court issued a certificate of conviction upon pronouncing sentence in absentia, that sentence could have been executed upon defendant's apprehension without any further judicial authorization whatsoever (CPL 380.60).

Facts serving to explain defendant's absence at sentencing constitute a collateral attack on the validity of the enhanced sentence imposed upon the basis of that absence, and thus may be appropriately tested by way of a motion to set aside sentence pursuant to CPL 440.20 *(see, People v Bligen,* 72 AD2d 678).

Accordingly, the judgment of the Supreme Court, Bronx County (Archie Gorfinkel, J.), rendered September 6, 1985,

which convicted defendant, upon his plea of guilty of sexual abuse in the first degree, and sentenced him, as a second felony offender, to an indeterminate term of imprisonment of from 3½ to 7 years, should be modified, on the law, to the extent of vacating the sentence and remanding for resentencing, and otherwise affirmed.

SULLIVAN, J. P., CARRO, KASSAL and SMITH, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered on September 6, 1985, unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing, and otherwise affirmed.