■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN G. KRYMINSKI, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Orange County (Charde, J.), imposed July 25, 1986, upon his conviction of criminal sale of a controlled substance in the second degree, upon his plea of guilty, the sentence being an indeterminate term of 8⅓ years' to life imprisonment.

Ordered that the sentence is affirmed.

The defendant claims that it was error to pronounce sentence in the absence of a presentence report prepared by the Orange County Department of Probation. He acknowledges that prior to sentencing the court had before it a presentence report prepared by the Ulster County Department of Probation and a supplemental presentence report prepared by the Greene County Department of Probation with respect to two separate convictions arising from the same investigation which led to the instant conviction. Nevertheless, the defendant argues that a separate report specifically relating to the Orange County indictment was required.

Assuming, in the first instance, that a separate report as to the present incident was required, we find upon this record that any violation of CPL 390.20 was waived. The sentence was the result of a negotiated plea and the defense counsel specifically agreed, on the defendant's behalf, to proceed to sentence on the basis of the Ulster County and Greene County presentence reports which were prepared shortly before the instant sentence was imposed (see, People v Jackson, 106 AD2d 93, 98; People v Dowdell, 72 AD2d 622; People ex rel. Seaman v Warden, 53 AD2d 848; cf., People v Andujar, 110 AD2d 606).

In any event, we are of the opinion that the court was sufficiently apprised of the information relevant to sentencing as to be capable of imposing the appropriate and agreed-upon term of imprisonment (see generally, People v Sanchez, 143 AD2d 377; People v Goon, 124 AD2d 347; cf., People v Jackson, supra). The Ulster County and Greene County reports provided a detailed account of the defendant's family, employment, educational and criminal background and history and the basis for the ongoing narcotics investigation of the defendant by the New York State Police.

Nor do we find the sentence imposed to be excessive. The sentence was the result of a negotiated plea bargain which

substantially reduced the defendant's sentencing exposure. The defendant was sentenced as promised and, thus, he will not now be heard to complain that his sentence was excessive. Mollen, P. J., Thompson, Brown and Eiber, JJ., concur.