■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIA ROJAS, Appellant. [632 NYS2d 117] —Judgment, Supreme Court, New York County (James Leff, J.), rendered August 15, 1994, convicting defendant, after a jury trial, of robbery in the third degree and grand larceny in the third degree, and sentencing her to concurrent terms of $2^1/3$ to 7 years on each count and to restitution in the amount of $5,000, unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing, and otherwise affirmed.

Contrary to defendant's argument that the evidence showed her to be an innocent bystander and unwitting scapegoat of a robbery staged by the complainant, defendant's guilt was proven by legally sufficient evidence that she observed the complainant receive a large sum of cash at a bank teller's window, followed her out of the bank, waited for an unapprehended accomplice to hit her over the head with an egg, jumped on and struggled with her and stole her purse while distracting her with false claims that she was injured.

The court did not improvidently exercise its discretion in permitting a police detective to testify as an expert on the various roles played by the participants in a sophisticated criminal technique known as distraction robberies, since such

"help[ed] to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (*De Long v County of Erie*, 60 NY2d 296, 307). The testimony was particularly relevant considering defendant's claim that she was an innocent bystander, and her reliance on the failure to recover the stolen purse. We reject defendant's remaining contentions with respect to the expert testimony.

Defendant's contention that the court should have conducted an inquiry into the possible bias of a juror who verbally responded to rhetorical questions presented by the prosecutor in his summation is unpreserved for appellate review as a matter of law since "[d]efense counsel did not request an *in camera* interview with the juror, nor did he object to the Trial Judge's apparent inquiry by means of personally observing the jurors" (*People v Jones*, 173 AD2d 359, *lv denied* 78 NY2d 1077). We decline to review the claim in the interest of justice. Were we to review it, we would note the latitude accorded the Trial Judge in making the findings necessary to determine whether a juror is grossly unqualified under CPL 270.35 (*People v Rodriguez*, 71 NY2d 214, 219), and find nothing in the record to demonstrate that the juror's behavior was indicative of bias or affected the other jurors.

As the People concede, the sentence must be vacated and the matter remanded for resentencing since the court sentenced defendant without benefit of a presentence report (*People v Villegas*, 146 AD2d 228). Concur—Murphy, P. J., Rubin, Kupferman and Williams, JJ.