People v Shearer (2023 NY Slip Op 00445)

People v Shearer

2023 NY Slip Op 00445

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2020-07749
 (Ind. No. 708/03)

[*1]The People of the State of New York, respondent,
v
Gil Shearer, appellant.

Hug Law, PLLC, Albany, NY (Matthew C. Hug of counsel), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Shea Scanlon Lomma of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the County Court, Westchester County (David S. Zuckerman, J.), dated July 11, 2019, which denied, without a hearing, his motion pursuant to CPL 440.20(1) to set aside a sentence of the same court (Sam D. Walker, J.) imposed March 10, 2004, upon his conviction of murder in the second degree, upon his plea of guilty.
ORDERED that the order is reversed, on the law, the defendant's motion pursuant to CPL 440.20(1) to set aside his sentence is granted, the sentence is vacated, and the matter is remitted to the County Court, Westchester County, for resentencing in accordance herewith.
On March 12, 2003, the defendant entered a plea of guilty in the County Court, Westchester County, to attempted criminal possession of a controlled substance in the third degree in connection with the recovery of cocaine during the execution of a search warrant in the defendant's apartment on October 2, 2002. On the day that the defendant entered a plea of guilty, the court ordered a presentence report, which was completed sometime before June 5, 2003.
On March 22, 2003, the defendant shot and killed a man, and, on the same day, was arrested and charged with murder in the second degree, among other offenses. On January 26, 2004, the defendant entered a plea of guilty to murder in the second degree. On January 29, 2004, in the drug possession case, the defendant was sentenced to an indeterminate term of imprisonment of 7½ to 15 years.
On March 10, 2004, in the murder case, the defendant was sentenced to an indeterminate term of imprisonment of 15 years to life, which was to run concurrently with the sentence imposed in the drug possession case. No presentence report was prepared in the murder case. Instead, the County Court relied on the presentence report that had been prepared in 2003 in connection with the drug possession case.
In February 2019, the defendant moved pursuant to CPL 440.20 to set aside his sentence on the murder conviction on the ground that it was illegally imposed because the County Court failed to order a presentence report as required by CPL 390.20. The People opposed the [*2]motion. In an order dated July 11, 2019, the court denied the defendant's motion without a hearing. The defendant appeals, by permission, from the order.
CPL 390.20 provides that "[i]n any case where a person is convicted of a felony, the court must order a pre-sentence investigation of the defendant and it may not pronounce sentence until it has received a written report of such investigation" (CPL 390.20[1]). This statutory language is mandatory (see People v Kuey, 83 NY2d 278, 282; People v Selikoff, 35 NY2d 227, 238), and a sentencing court's failure to obtain a presentence report renders the sentence imposed invalid as a matter of law (see People v Thomas, 269 AD2d 411).
Here, the County Court sentenced the defendant on the murder conviction without ordering or receiving a presentence report relating to the murder conviction. Instead, the court relied on a presentence report prepared in connection with the defendant's conviction of attempted criminal possession of a controlled substance in the third degree, the facts and circumstances of which were not related to the facts and circumstances of the murder conviction. As the defendant correctly contends, this did not satisfy the requirements of CPL 390.20, and therefore the sentence was illegally imposed.
Contrary to the People's contention, the presentence report that was missing in the murder case was not merely an updated report such that the decision whether to obtain the report was a matter entrusted to the County Court's discretion (see People v Kuey, 83 NY2d at 282-283). Rather, since this was the initial sentencing of the defendant on the murder conviction, and a presentence report had not been previously prepared and considered, the court had no authority to dispense with the preparation of a presentence report relating to the murder conviction (see id. at 282).
The People's further contention that the defendant waived the statutory requirement that a presentence report be ordered is without merit for several reasons, including the fact that an indeterminate term of imprisonment was to be imposed at sentencing, and the statute expressly provides that, under such circumstances, a presentence report "shall not be waived" (CPL 390.20[4][a]).
Finally, the County Court's reliance on People v Kryminski (154 AD2d 549) in denying the defendant's motion to set aside the sentence was misplaced. To the extent that the Kryminski decision held that a defendant who is subject to an indeterminate term of imprisonment can waive compliance with CPL 390.20, it effectively was overruled by the subsequent enactment of subdivision (4)(a) of CPL 390.20, which, as noted above, precludes such a waiver. To the extent that dicta in the Kryminski decision permits a court to pronounce sentence without ordering a presentence report relating to the felony conviction on which the defendant is being sentenced, its unique facts are distinguishable from the facts of the present case.
The People's remaining contention is without merit.
Accordingly, we reverse the order appealed from, grant the defendant's motion pursuant to CPL 440.20(1) to set aside his sentence, vacate the sentence imposed, and remit the matter to the County Court, Westchester County, for further proceedings which shall include obtaining a presentence report relating to the defendant's conviction of murder in the second degree, and for resentencing thereafter (see People v Reyes, 138 AD3d 1036; People v Evans, 120 AD2d 545; People v Grice, 64 AD2d 718).
BARROS, J.P., CHAMBERS, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court