People v Lewis (2023 NY Slip Op 06279)

People v Lewis

2023 NY Slip Op 06279

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 7, 2023

111002
[*1]The People of the State of New York, Respondent,
v
Kalim Lewis, Appellant.

Calendar Date:October 10, 2023

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Dana L. Salazar, East Greenbush, for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Albany County (William A. Carter, J.), rendered November 9, 2018, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree.
In 2017, law enforcement conducted a narcotics investigation targeting a certain female, and, during a series of controlled buys, the target was repeatedly observed entering and exiting defendant's residence. A subsequent search of that address resulted in the recovery of a loaded handgun from the bedroom in which defendant was sleeping. Defendant was thereafter charged by indictment with criminal possession of a weapon in the second degree. Following a jury trial, he was convicted as charged and sentenced, as a second felony offender, to a prison term of 10 years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant first argues that County Court failed to follow the procedure outlined in People v Buford (69 NY2d 290 [1987]) during an inquiry of a sworn juror and erred in failing to discharge that juror as grossly unqualified (see generally CPL 270.35 [1]; People v Buford, 69 NY2d at 297-300). As the People note, neither of these arguments are properly before us. On the second day of jury selection, defense counsel informed the court that, on the first day of jury selection, defendant's father had observed a juror, then only a member of the jury pool, participating in a conversation with the District Attorney. Defense counsel indicated that he was "not sure what to do with [that information]" and thought a "limited inquiry" should be made. Following individual inquiries of both defendant's father and the juror in closed court, defendant did not request any relief when provided the opportunity to do so and appeared to be satisfied by both the court's inquiry and the juror's assurances of her impartiality. Given defendant's specific request and his clear acceptance of the court's resolution of the issue, his claims are unpreserved for appellate review (see People v Young, 160 AD3d 1206, 1209 [3d Dept 2018], lv denied 31 NY3d 1155 [2018]; People v Lancaster, 143 AD3d 1046, 1051 [3d Dept 2016], lv denied 28 NY3d 1147 [2017]; People v Rojas, 220 AD2d 266, 267 [1st Dept 1995]). In any event, the court's thorough inquiry of the juror established that the subject interaction was indirect and insignificant and that the grossly unqualified standard was far from satisfied (see People v Kuzdzal,31 NY3d 478, 483 [2018]; People v Buford, 69 NY2d at 298).
Defendant next argues that County Court's expanded jury instruction on the term "knowingly" violated his right to due process because one of the facts upon which the expanded charge was based was not, in fact, in evidence. In support of their request for the expanded charge, the People asserted that knowledge was a central issue in the case given defendant's insistence throughout trial that the subject firearm belonged to the female target of the investigation[*2]. The People added that, when defendant made a statement to law enforcement that "they're not involved" — referring to the other residents of his home — he implied that he was involved. In opposition, defendant asserted only that his statement to law enforcement "wasn't evidence of anything." The court granted the People's request. During summations, the People, reviewing the testimony of their law enforcement witnesses, similarly recalled how defendant stated that the firearm did not belong to the other residents and that "they're not involved." Defendant's objection to this recap on the basis of facts not in evidence was overruled, but the court nevertheless immediately instructed the jury that its recollection of the facts would control. The court ultimately charged the jury with the expanded charge on knowingly set forth in the pattern jury instructions, without objection (see generally CJI2d[NY] Expanded Charge on Knowingly, https://www.nycourts.gov/judges/cji/1-General/CJI2d.Knowingly.docx [last accessed Oct. 23, 2023]).
Defendant's opposition to the People's request for the expanded instruction did not include his present argument, and he did not make any effort to revisit the People's request following their summation, object when given the opportunity following jury instructions or otherwise raise any issue concerning a violation of his right to a fair trial. We therefore find that his due process argument is also unpreserved for our review (see People v Waheed, 176 AD3d 1510, 1513 [3d Dept 2019], lv denied 34 NY3d 1133 [2020]; People v Carpio, 39 AD3d 433, 433 [1st Dept 2007], lv denied 9 NY3d 873 [2007]). In any event, County Court properly informed the jury that their recollection of the facts controls (see generally People v Wlasiuk, 136 AD3d 1101, 1103-1104 [3d Dept 2016], lv denied 27 NY3d 1009 [2016]; People v Tillery, 60 AD3d 1203, 1206 [3d Dept 2009], lv denied 12 NY3d 860 [2009]) — an instruction that the jury appears to have heeded in requesting a read back of the relevant portion of the testimony, further mitigating any alleged prejudice (see People v Johnson, 273 AD2d 495, 497-498 [3d Dept 2000], lv denied 95 NY2d 854 [2000]).
Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.