■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OCTAVIO NAVARRO, Appellant. — Appeal by defendant from a resentence of the Supreme Court, Kings County (Ryan, J.), imposed November 7, 1979, pursuant to section 60.09 of the Penal Law, which reduced defendant's sentence for criminal sale of a controlled substance in the third degree from an indeterminate term of imprisonment of four years to life to an indeterminate term of imprisonment of 4 to 12 years. Resentence affirmed. Upon resentence, defendant received the minimum sentence the court was authorized to impose pursuant to section 60.09 (subd b, pars [i], [iii]) of the Penal Law. Although the court did not obtain an up-to-date presentence report before imposing the resentence, no injustice accrued to defendant as a result of its absence (cf. *People v Cruz*, 89 AD2d 569). Accordingly, we affirm the resentence. O'Connor, J. P., Bracken, Brown and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK RUSSO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Scholnick, J.), rendered December 18, 1979, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. Matter remitted to Criminal Term to hear and report on the issue of whether the defendant was deprived of his right to a speedy trial (see CPL 30.20, 30.30), and appeal held in abeyance in the interim. The court shall file its report with all convenient speed. On this record, we cannot determine when the People were ready for trial, and when they communicated their readiness to the court (see *People v Hamilton*, 46 NY2d 932). It is also impossible to determine what portion of the delay is excludable from the six-month period within which the People must have been ready for trial (see CPL 30.30, subd 4). Nor can we ascertain what minutes will be necessary to determine defendant's claim that he was deprived of his right to a speedy trial. The matter must therefore be remitted to Criminal Term to hear and report on these questions. Titone, J. P., Brown, Rubin and Boyers, JJ., concur.