■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADLEY MORTI-MORE, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the County Court, Orange County (Miller, J.), imposed November 26, 1982, upon his conviction of criminal sale of marihuana in the third degree, on his plea of guilty, the sentence being a definite term of 30 days in the county jail and five years' probation. Sentence reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court, Orange County, for resentencing in accordance with the following memorandum. The record indicates that defendant is suffering from several serious physical ailments. In fact, after sentencing, he was hospitalized for a month and a half. We are unable to determine, however, whether defendant's physical condition is such that a sentence of imprisonment to the Orange County Jail is apt to affect his health (cf. *People v Notey,* 72 AD2d 279). Exercising the broad discretion that we possess in regard to sentencing (see *People v Suitte,* 90 AD2d 80), we reverse the sentence and remit the matter to the County Court for resentencing. Prior to resentencing, the court should order a physical examination of defendant to be conducted by a court-appointed physician (CPL 390.30, subd 2). In addition, in the circumstances of this case a hearing should be held for the purpose of receiving testimony concerning the physical condition and medical history of defendant, and concerning the adequacy of treatment and care available at the jail (see *People v Notey, supra,* p 284). Finally an updated presentence report should be prepared by the Department of Probation (CPL 390.20; see *People v Cruz,* 89 AD2d 569; *People v Halaby,* 77 AD2d 717, 718). Gibbons, J. P., Gulotta and O'Connor, JJ., concur; Thompson, J., dissents and votes to affirm.