■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Louis Randolphe, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the County Court, Westchester County (Edelstein, J.), imposed August 14, 1984, upon his conviction of criminal possession of a weapon in the third degree, upon his plea of guilty, the sentence being a definite term of 90 days in the county jail, five years' probation and $75 felony surcharge.

Sentence reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court, Westchester County, for resentencing in accordance herewith, and further proceedings pursuant to CPL 460.50 (5).

Initially, we note that the sentence imposed upon the defendant was neither excessive nor unduly harsh.

However, the physical condition of the defendant, then suffering from emphysema, was apparently exacerbated by his incarceration, as evidenced by the defendant's medical records from the pulmonary clinic at the Westchester County Medical Center and his treating physician's alleged statement that " 'he would be better off being hospitalized at the County Medical Center than to be out walking the streets' ".

Under these circumstances, we find that the instant matter should be remitted to the County Court for resentencing (see, People v Mortimore, 96 AD2d 1063). "Prior to resentencing, the court should order a physical examination of defendant to be conducted by a court-appointed physician (CPL 390.30, subd 2). In addition * * * a hearing should be held for the purpose of receiving testimony concerning the physical condition and medical history of defendant, and concerning the adequacy of treatment and care available at the jail (see People v Notey [72 AD2d 279], supra, p 284). Finally an updated presentence report should be prepared by the Department of Probation (CPL 390.20; see People v Cruz, 89 AD2d 569; People v Halaby, 77 AD2d 717, 718)" (People v Mortimore, supra). Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.