◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN ROMAN, Appellant.—Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Pesce, J.), rendered July 24, 1987, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, after a hearing, and imposing an indeterminate term of 2⅓ to 7 years imprisonment upon his previous conviction of attempted burglary in the second degree.

Ordered that the amended judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the amended sentence imposed; as so modified, the amended judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

Absent the imposition of the minimum sentence *(People v Navarro,* 91 AD2d 618) or a bargained sentence and express waiver *(People v Dowdell,* 72 AD2d 622; *People ex rel. Seaman v Warden,* 53 AD2d 848), a court imposing a sentence of imprisonment upon finding that the defendant violated the terms of probation must obtain and consider an updated presentence report *(see,* CPL 390.20 [1]; *People v Jackson,* 106 AD2d 93; *People v Hayes,* 101 AD2d 893). Although a violation packet prepared by the Probation Department may suffice as the functional equivalent of an updated report, provided it informs the court of all " 'relevant changes which may have occurred since preparation of the original presentencing report' " *(People v Jackson, supra,* at 98, quoting from *People v Halaby,* 77 AD2d 717, 718), the record on this appeal lacks an express indication that such a packet was in fact before the court or that the court considered it. Consequently, the amended sentence of a term of imprisonment must be reversed *(see, People v Jackson, supra).*

Furthermore, the court erred in failing to ask the defendant as required by CPL 380.50 whether he wished to make a

statement in his own behalf prior to resentencing him *(see, People v Schiavone,* 42 AD2d 738). Although this error was not preserved for appellate review *(see, People v Green,* 54 NY2d 878; *People v Regan,* 88 AD2d 664), under the circumstances of this case, we have exercised our discretionary power to review that error in the interest of justice.

Accordingly, the matter is remitted to the Supreme Court for the purpose of resentencing the defendant based upon an updated presentence report and after compliance with CPL 380.50. Since our decision will require that the defendant be resentenced, we do not reach the issue of whether the imposition of an indeterminate term of 2⅓ to 7 years' imprisonment was excessive *(see, People v Halaby,* 77 AD2d 717, *supra).*

We have reviewed the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Rubin and Kooper, JJ., concur.