■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO SANTANA, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Fisher, J.), both rendered December 14, 1989, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 7310/85, and criminal possession of a controlled substance in the third degree under Indictment No. 1351/86, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

At the time of his pleas of guilty, the defendant, a predicate felon, was warned by the court that if he did not appear for

sentencing, the negotiated sentences of 4½ to 9 years might be increased to as much as 12½ to 25 years. The defendant absconded but was returned on a warrant three years later and was sentenced to two concurrent terms of 5 to 10 years. He now seeks to have his sentences vacated on the ground that they were imposed without the benefit of an updated presentence report *(see, People v Sanchez,* 143 AD2d 377; *People v Jackson,* 106 AD2d 93; *People v Halaby,* 77 AD2d 717).

The record shows that the probation department reinterviewed the defendant prior to sentencing and prepared and submitted to the court an addendum to the original presentence report. The information regarding his employment history and family situation that the defendant now claims was omitted from the addendum was brought to the court's attention by defense counsel. In any event, the record makes clear that the one-half year increase in the sentence originally promised resulted from the defendant's failure to appear for sentencing and not from any deficiency in the information possessed by the court. Accordingly, resentencing is not required. Mangano, P. J., Sullivan, Harwood and Miller, JJ., concur.