■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE SIMPSON, Appellant.

Absent the imposition of the minimum sentence *(see, People v Navarro,* 91 AD2d 618), or an express waiver as part of a negotiated plea bargain *(see, People v Dowdell,* 72 AD2d 622; *People ex rel. Seaman v Warden,* 53 AD2d 848), a court which is about to impose a new sentence based upon the defendant's violation of probation imposed under an earlier sentence must obtain and consider an updated presentence report *(see, People v Santana,* 175 AD2d 296; *People v Roman,* 153 AD2d 594; *People v Sanchez,* 143 AD2d 377; *People v Pons,* 134 AD2d 378; *People v Rice,* 125 AD2d 611; *People v Randolphe,* 114 AD2d 426; *People v Jackson,* 106 AD2d 93; *People v Hayes,* 101 AD2d 893). In *People v Roman (supra),* and *People v Rice (supra),* this rule was applied even where, as here, the adjudication of the defendant as a violator of probation had been preceded by a hearing *(cf., People v Gilyard,* 161 AD2d 464; *People v Jackson, supra* [violation of probation report may, under some circumstances, take the place of updated presentence report]). Since only the violation of probation report and no other functional equivalent of an updated presentence report was before the court in the present case, the matter must be remitted to the Supreme Court, Kings County, for resentencing *(People v Roman, supra).* In light of this determination, we need not

address the defendant's argument concerning the alleged harshness of the sentence imposed. Mangano, P. J., Bracken, Eiber, O'Brien and Ritter, JJ., concur.