■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DURANT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Bambrick, J.), rendered April 12, 1988, convicting him of murder in the second degree (three counts), arson in the second degree, and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.

The defendant contends that the evidence corroborating the accomplice testimony was legally insufficient to support his conviction. However, as the defendant failed to move in the trial court for dismissal on this specific ground, the issue is unpreserved for appellate review *(see, People v Bynum,* 70 NY2d 858; *People v Coico,* 176 AD2d 339). In any event, we find that even though the People's case was based largely on accomplice testimony, that testimony was sufficiently corrobo-

rated by independent evidence tending to connect the defendant to the commission of the offense of which he was convicted *(see,* CPL 60.22 [1]; *People v Glasper,* 52 NY2d 970).

At the time of sentencing the court utilized a presentence report prepared in connection with the instant crimes. That report contained an extensive factual recitation of the crimes in question as well as a complete summary of the defendant's prior convictions. However, instead of setting forth details regarding the defendant's current social history and background, the report merely states, "The defendant's social history has not changed significantly since he was placed on 5 years probation on 6/20/85. That report covers the defendant's social history. The defendant has been incarcerated since his arrest on 9/26/85". This prior probation report was dated June 18, 1985, and contained a page and a half detailing the defendant's social circumstances.

A "penal sanction has, at least, the purposes of deterrence, rehabilitation, and social protection. To enable the court to perform its function, the statute mandates, and it is the public policy of this State to require, a presentence report before sentence be imposed" *(People v Selikoff,* 35 NY2d 227, 238, *cert denied* 419 US 1122). The cross reference to a prior sentencing report prepared almost three years prior to the date of sentencing in the instant case is not the functional equivalent of an updated report, since it failed to provide the sentencing court with any updated information *(see, People v Martinez,* 118 AD2d 661), and the defendant was not incarcerated for that entire period *(cf., People v Kuey,* 186 AD2d 684 [decided herewith]). Thus, under the circumstances of this case, the sentence imposed must be vacated, and the matter remitted to the Supreme Court for resentencing upon receipt of a complete updated probation report.

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Harwood and Lawrence, JJ., concur.