■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA CANNON, Appellant. [596 NYS2d 699] —Appeal by defendant, as limited by her brief, from an amended sentence of the County Court, Nassau County (Wexner, J.), imposed March 19, 1992, upon the revocation of a sentence of probation previously imposed by the same court, upon her conviction of attempted arson in the third degree, based on a finding that the defendant had violated a condition thereof, the amended sentence being an indeterminate term of two and one-third to seven years imprisonment, upon her conviction of attempted arson in the third degree.

Ordered that the amended sentence is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the County Court, Nassau County, for resentencing in accordance herewith.

Absent the imposition of the minimum sentence *(see, People v Navarro,* 91 AD2d 618), or an express waiver as part of a negotiated plea *(see, People v Dowdell,* 72 AD2d 622), a court which is about to impose a new sentence based upon the defendant's violation of probation imposed under an earlier sentence must obtain and consider an updated presentence report *(People v Simpson,* 179 AD2d 831; *People v Roman,* 153 AD2d 594; *People v Jackson,* 106 AD2d 93). This rule applies even where, as here, the adjudication of the defendant as a violator of probation has been preceded by a hearing *(see, People v Simpson,* 179 AD2d 831, *supra).* Since neither an updated presentence report nor the functional equivalent thereof was before the court, the matter must be remitted to the County Court, Nassau County, for resentencing *(see, Peo-*

*ple v Jackson,* 106 AD2d 93, *supra).* In light of this determination, we do not address the appellant's argument concerning the alleged harshness of the amended sentence imposed. Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.