■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENDA CINTRON, Appellant. [595 NYS2d 513] —Appeal by the defendant from an amended sentence of the County Court, Suffolk County (Tisch, J.) imposed October 9, 1991, revoking a sentence of probation previously imposed by the same court upon a finding that she had violated a condition thereof, upon her admission, and imposing a sentence of imprisonment upon her previous conviction of criminal possession of a weapon in the third degree.

Ordered that the amended sentence is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the County Court, Suffolk County, for resentencing in accordance herewith.

Absent the imposition of the minimum sentence or an express waiver as part of a negotiated guilty plea, a court which is about to impose a sentence based upon the defendant's violation of probation imposed under an earlier sentence must obtain and consider an updated presentence report *(see, People v Simpson,* 179 AD2d 831). Because the court did not have before it an updated presentence report or its functional equivalent at the time it imposed the amended sentence and the defendant did not expressly waive the report, the matter must be remitted to the County Court, Suffolk County for resentencing *(see, People v Roman,* 153 AD2d 594). Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.