■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DORINO, Appellant. [606 NYS2d 741] —Appeal by the defendant, as limited by his motion, from an amended sentence of the Supreme Court, Kings County (Demarest, J.), imposed January 26, 1993, revoking a sentence of conditional discharge previously imposed by the same court, upon a finding that he had violated the conditions thereof, and imposing a definite sentence of one year imprisonment upon his previous conviction of attempted riot in the first degree.

Ordered that the amended sentence is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

Notwithstanding that certain limited information was disclosed to the sentencing court during the hearing on the charge that the defendant had violated a sentence of conditional discharge previously imposed, absent a waiver or the imposition of the minimum sentence, the court was without

authority to impose an amended sentence based upon the defendant's violation of the conditions of his discharge without ordering the preparation of an up-to-date presentence report (*see, People v Cannon,* 191 AD2d 452; *People v Simpson,* 179 AD2d 831; *People v Roman,* 153 AD2d 594). Although the defendant waived the preparation of a pre-sentence report prior to the imposition of the original sentence of conditional discharge, that waiver did not extend to the amended sentence since no further waiver was made on the record (CPL 390.20 [4]; *People v Cintron,* 191 AD2d 705).

Furthermore, although not preserved by a timely objection (*see, People v Green,* 54 NY2d 878), there is merit to the defendant's contention that the court failed to ask him whether he wished to make a statement prior to imposing a one-year sentence of imprisonment (CPL 380.50 [1]; *see, People v Roman, supra; People v Perez,* 135 AD2d 582, 584). Accordingly, upon resentencing, the court should not repeat this error.

We reject the defendant's contention that the court failed to exercise its discretion in arriving at the sentence imposed. The record reflects the court's findings and its reasons for imposing a definite one-year term of imprisonment. However, absent a probation report, we cannot adequately review whether the court providently exercised its discretion. Accordingly, we make no finding as to the propriety of the sentence imposed. Mangano, P. J., Bracken, Miller, O'Brien and Pizzuto, JJ., concur.