■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY THOMPSON, Appellant. [609 NYS2d 79] —Appeal by the defendant from an amended sentence of the County Court, Suffolk County (Tisch, J.), rendered June 17, 1992, revoking a sentence of probation previously imposed by the same court (Hurley, J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of assault in the second degree.

Ordered that the amended sentence is reversed, on the law, and the matter is remitted to the County Court, Suffolk County, for resentencing in accordance herewith.

"Absent the imposition of the minimum sentence or an express waiver as part of a negotiated guilty plea, a court which is about to impose a [new] sentence based upon the defendant's violation of probation imposed under an earlier sentence must obtain and consider an updated presentence report" *(People v Cintron,* 191 AD2d 705). The court did not have an updated presentence report or its functional equivalent when it imposed the amended sentence. Since the defen-

dant did not expressly waive the report and the sentence was not the minimum that could be imposed, the matter must be remitted to the County Court, Suffolk County for resentencing *(see, People v Cintron, supra)*. In light of this determination, it is unnecessary to address the defendant's argument that the amended sentence was harsh and excessive *(see, People v Simpson,* 179 AD2d 831). Mangano, P. J., Bracken, Lawrence, Altman and Friedmann, JJ., concur.