■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BOLTEN, Appellant. [610 NYS2d 326] —Appeal by the defendant, as limited by his motion, from an amended sentence of the County Court, Nassau County (Baker, J.), imposed April 15, 1992, revoking a sentence of probation previously imposed by the County Court, Greene County (Battiste, J.), upon a finding that the defendant had violated a condition thereof, the amended sentence being an indeterminate term of one and one-third to four years of imprisonment upon his previous conviction of driving while intoxicated as a felony.

Ordered that the amended sentence is reversed, on the law, and as a matter of discretion in the interest of justice, and the matter is remitted to the County Court, Nassau County, for resentencing in accordance herewith.

The defendant contends that his amended sentence should be reversed because the County Court, Nassau County, failed to order or consider an updated presentence report before revoking the sentence of probation previously imposed upon him for driving while intoxicated as a felony. We agree. "Absent the imposition of the minimum sentence * * * or an express waiver as part of a negotiated [guilty] plea * * * a court which is about to impose a new sentence based upon the defendant's violation of probation imposed under an earlier sentence must obtain and consider an updated presentence report" *(People v Cannon,* 191 AD2d 452; *see, People v Dorino,* 200 AD2d 632; *People v Cintron,* 191 AD2d 705; *People v Simpson,* 179 AD2d 831). The requirement that an updated report be prepared and considered applies even where, as here, "the adjudication of the defendant as a violator of probation has been preceded by a hearing" *(People v Cannon, supra,* at 452; *People v Simpson, supra).* Since neither an updated presentence report nor the functional equivalent thereof was before the court when it imposed its amended sentence, the matter must be remitted to the County Court, Nassau County, for resentencing *(see, People v Cintron, supra; People v Cannon, supra; People v Durant,* 186 AD2d 673). In light of our determination, we do not address the defendant's argument concerning the alleged excessiveness of the amended sentence imposed. Mangano, P. J., Rosenblatt, Miller and Krausman, JJ., concur.

Copertino, J., concurs in the result, with the following memorandum: The defendant was adjudicated in violation of probation based upon his conviction of operating a vehicle while under the influence of alcohol as a felony. However, as the record exists in this case, there is no indication of how this violation of probation proceeding was instituted. While the sentencing court retains legal custody of an individual sentenced to probation *(see,* CPL 410.50), the court generally does not order a violation of probation hearing *sua sponte.* As a practical matter, the Department of Probation typically provides the court with a report which cites the alleged violation of probation and makes a recommendation for resentencing. Were such a report and recommendation submitted in this case, I would likely conclude that it would satisfy the requirement of an updated presentence report *(see,* CPL

390.20). While it may be that such was furnished to the resentencing court in this case, the People have failed to submit it to this Court. Further, there is no indication in the record that the presentence report prepared with respect to the defendant's new conviction in Nassau County before Judge Boklan for operating a vehicle while under the influence of alcohol as a felony was before Judge Baker, who sentenced the defendant in the instant matter. I therefore have no alternative but to follow the case law which clearly requires that the matter be remitted to the County Court for resentencing.