■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA CANNON, Appellant. [617 NYS2d 865] —Appeal by the defendant, as limited by her motion, from an amended sentence of the County Court, Nassau County (Wexner, J.), imposed June 11, 1993, revoking a sentence of probation previously imposed by the same court, upon a finding that she had violated the conditions thereof, after a hearing, and imposing a sentence of imprisonment upon her previous conviction of

attempted arson in the third degree, the sentence being 2⅓ to 7 years.

Ordered that the amended sentence is reversed, on the law, and the matter is remitted to the County Court, Nassau County, for resentencing in accordance herewith.

It is a settled rule of the Second Department that, absent the imposition of the minimum sentence or an express waiver of the presentence report requirement as part of a negotiated plea bargain, a court that is about to impose a new sentence based upon the defendant's violation of a condition of a previously imposed sentence of probation must obtain and consider an updated presentence report or the functional equivalent thereof (see, People v Simpson, 179 AD2d 831). In some instances, a violation-of-probation report may be accepted as the functional equivalent of an updated presentence report (see, People v Jackson, 106 AD2d 93, 98).

In this case, when the matter was previously before this Court, we reviewed the violation-of-probation report that had been before the County Court at the sentencing hearing of March 19, 1992, and concluded that it was not the functional equivalent of an updated presentence report. Consequently, in reversing the previously imposed amended sentence, we stated that "neither an updated presentence report nor the functional equivalent thereof was before the [sentencing] court" (People v Cannon, 191 AD2d 452). The County Court, apparently unaware that we had reviewed the violation-of-probation report, interpreted our decision and order to mean that we were reversing the defendant's previously imposed amended sentence because the court had failed to make clear on the record that it had considered the violation-of-probation report at the March 19, 1992, sentencing hearing. Thus, at the resentencing of the defendant on June 11, 1993, the County Court relied upon the same violation-of-probation report and stated on the record that it had considered the violation-of-probation report in arriving at the present amended sentence. Since we have already determined that the violation-of-probation report in question is not the functional equivalent of an updated presentence report, when the County Court resentenced the defendant on June 11, 1993, it did so without the benefit of an updated presentence report. Accordingly, the amended sentence that was imposed on June 11, 1993, is reversed, and the matter is remitted to the County Court, Nassau County, for resentencing in accordance herewith. Mangano, P. J., Thompson, Pizzuto, Joy and Florio, JJ., concur.