■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FORTIN, Appellant. [735 NYS2d 819] —Appeal by the de-

fendant from a judgment of the County Court, Nassau County (Brown, J.), rendered August 24, 2000, convicting him of sexual abuse in the first degree, sodomy in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]).

The County Court was correct in determining that the defendant failed in his burden of demonstrating that "Parental Alienation Syndrome" was generally accepted in the relevant scientific communities (*see, Frye v United States,* 293 F 1013; *People v Wernick,* 89 NY2d 111; *People v Wesley,* 83 NY2d 417). In making that determination, the County Court properly considered that the defendant's sole witness at the *Frye* hearing had a significant financial interest in having his theory accepted (*see, People v Leone,* 25 NY2d 511, 515; *see also, People v Wesley, supra,* at 437 [Kaye, Ch. J., concurring]).

Since the trial had been completed and the verdict had been rendered at the time the Trial Judge took a leave of absence, the Sentencing Judge was not required to read the minutes of the trial in detail. His review of the pre-sentence report and the victim's testimony was sufficient (*see, People v Cruz,* 265 AD2d 488; *People v Thompson,* 202 AD2d 612; *see also, People v Figueroa,* 227 AD2d 501; *People v Cannon,* 208 AD2d 942; *cf., People v Thompson,* 90 NY2d 615).

The sentence imposed was not excessive (*see, People v Felix,* 58 NY2d 156; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review since he acquiesced in the lack of a specific ruling on the issue (*see, People v Graves,* 85 NY2d 1024; *People v Rodriguez,* 50 NY2d 553; *People v Valentine,* 271 AD2d 245; *People v Rivera,* 257 AD2d 425). Luciano, J. P., Townes, Crane and Prudenti, JJ., concur.