■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC TIEDEMANN, Appellant. [771 NYS2d 676]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Ruchelsman, J.), entered June 14, 2002, which denied his motion pursuant to CPL 440.20 (1) to vacate an amended sentence of the same court, rendered November 13, 2001, revoking a sentence of probation previously imposed by the same court (Schneier, J.), upon his admission that he violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of assault in the second degree.

Ordered that the order is reversed, on the law, the motion is granted, the amended sentence is vacated, and the matter is remitted to the Supreme Court, Kings County, for resentencing by a different justice in accordance with the procedures set forth in CPL 380.50.

As the People correctly concede, the sentencing court must afford the prosecutor and the defense counsel an opportunity to make a statement with respect to the question of sentence, and must ask the defendant whether he wishes to make a statement

on his own behalf (*see* CPL 380.50 [1]). In this case, the Supreme Court pronounced sentence without affording either the prosecutor, the defense counsel, or the defendant an opportunity to make such a statement. Accordingly, we remit the matter to the Supreme Court, Kings County, for resentencing by a different justice (*see People v Crossland,* 251 AD2d 509, 510-11 [1998]; *People v Dorino,* 200 AD2d 632, 633 [1994]; *People v Roman,* 153 AD2d 594 [1989]; *People v Wyche,* 43 AD2d 836 [1974]). Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.