■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN COLLIER, Appellant. [895 NYS2d 848]—

Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Efman, J.), rendered September 4, 2008, convicting him of grand larceny in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the third degree under indictment No. 2805/07, upon his plea of guilty, and imposing sentence, and (2) a judgment of the same court also rendered September 4, 2008, convicting him of robbery in the third degree (three counts) and robbery in the second degree under indictment No. 327/08, upon his plea of guilty, and sentencing him to concurrent indeterminate terms of imprisonment of 2 to 4 years on each of the three convictions of robbery in the third degree, and a determinate

term of imprisonment of four years plus five years of postrelease supervision on the conviction of robbery in the second degree, all sentences to run concurrently.

Ordered that the judgment rendered under indictment No. 2805/07 is affirmed; and it is further,

Ordered that the judgment rendered under indictment No. 327/08 is modified, on the law, by reducing the indeterminate term of imprisonment imposed upon each of the convictions of robbery in the third degree to an indeterminate term of imprisonment of 1⅓ to 4 years; as so modified, the judgment rendered under indictment No. 327/08, is affirmed.

The defendant's contention that his waiver of the right to appeal was not knowingly, voluntarily, and intelligently made is without merit (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Moissett*, 76 NY2d 909, 911 [1990]). Contrary to the defendant's contention, the County Court did not improperly conflate the right to appeal with other trial rights he was waiving (*see e.g. People v McCauley*, 37 AD3d 739 [2007]). Further, the defendant's valid waiver of his right to appeal precludes his claim that the County Court, which had permitted the defendant to speak at sentencing, violated CPL 380.50 (*see generally People v Tiedemann*, 4 AD3d 491 [2004]) by not asking him if he desired to speak a second time before changing the sentence imposed on the convictions of robbery in the third degree from determinate terms of four years of imprisonment with five years of post-release supervision to indeterminate terms of 2 to 4 years. The alleged violation of CPL 380.50 constitutes a challenge to the procedure utilized in sentencing him, not to the legality of the sentence and thus, is encompassed by the valid waiver (*see People v Callahan*, 80 NY2d 273, 281 [1992]; *see e.g. People v Lassiter*, 48 AD3d 700 [2008]; *People v Backus*, 43 AD3d 409, 410 [2007]; *see also People v Pressley*, 251 AD2d 430 [1998]; *People v Hicks*, 201 AD2d 831 [1994]).

The defendant's valid waiver of the right to appeal also precludes review of his contention that his trial counsel was ineffective for failing to alert the court of the alleged violation of CPL 380.50. By pleading guilty, a defendant forfeits appellate review of any claim of ineffective assistance of counsel which does not directly involve the plea bargaining process (*see People v Petgen*, 55 NY2d 529, 535 n 3 [1982]; *People v Turner*, 40 AD3d 1018, 1019 [2007]; *People v Silent*, 37 AD3d 625 [2007]; *People v Cumba*, 32 AD3d 444 [2006]; *People v Scalercio*, 10 AD3d 697 [2004]).

The defendant's challenge to the voluntariness of his plea on the ground that the sentencing court changed the promised sen-

tences on the convictions of robbery in the third degree as aforesaid is unpreserved for appellate review because the defendant did not move to withdraw his plea on that basis (*see People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Mitchell*, 69 AD3d 883 [2010]; *People v Bolton*, 63 AD3d 1087 [2009]; *cf. People v Hollis*, 309 AD2d 764, 765 [2003]).

As the People correctly concede, the County Court erred in imposing a two-year minimum period of imprisonment on the convictions of robbery in the third degree. Pursuant to Penal Law § 70.00 (3) (b), the minimum period of imprisonment to be imposed on a class D felony shall be not "more than one-third of the maximum term imposed." Here, since the maximum term imposed was four years, the minimum period of imprisonment should not have been more than 1¹/₃ years. Therefore, we modify the judgment accordingly (*see People v Minaya*, 54 NY2d 360 [1981], *cert denied* 455 US 1024 [1982]; *see also People v Wright*, 56 NY2d 613 [1982]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.