The People of the State of New York, Respondent, v Jeremy Fulton, Appellant. [4 NYS3d 22]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered December 20, 2011, convicting defendant, upon his plea of guilty, of rape in the first degree, and sentencing him to a term of 22 years, unanimously affirmed.

The court properly exercised its discretion when, on the basis of the written submissions, it denied defendant's motion to withdraw his plea. "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (*People v Brown*, 14 NY3d 113, 116 [2010] [internal quotation marks and citation omitted]). The record establishes the voluntariness of the plea.

In accepting the plea, the court conducted a thorough allocution, in which it warned defendant that if he had any issues to raise that would affect the voluntariness of the plea he should raise them at that time. Defendant freely admitted that he was guilty, and that his plea was free from coercion.

In his plea withdrawal motion, in which he was represented by new counsel, defendant claimed that the attorney who had represented him at the time of the plea had failed to conduct a proper factual investigation. In support of this claim, defendant alleged that his new counsel had found various items of information casting doubt on the credibility of one or more of the complainants. However, a careful examination of the allegedly exculpatory information supports the court's finding that this information was dubious and unreliable.

The record also supports the court's rejection of defendant's claims of coercion and misadvice by his plea counsel. Defendant was charged with sex crimes committed against multiple victims, including predatory sexual assault against a child (Penal Law § 130.96), which carries a life sentence. By advising defendant to plead guilty in order to avoid a life sentence, the attorney was rendering her professional opinion about the probable result of going to trial.

Defendant made a valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]), which forecloses review of his sentencing-related claims, including those contained in his pro se supplemental brief. As an alternative

holding, we reject them on the merits. The lack of timely notice of a victim's intent to make a statement at sentencing merely entitled defendant to "request a reasonable adjournment" (CPL 380.50 [2] [b]). Defendant made no such request on that ground, nor was he prevented from doing so. In any event, defendant received the sentence to which he had agreed. We perceive no basis for reducing the sentence. Concur—Tom, J.P., Saxe, Manzanet-Daniels, Gische and Clark, JJ.