People v Joe (2018 NY Slip Op 07965)





People v Joe


2018 NY Slip Op 07965


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Sweeny, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


7682 1879/10

[*1]People of the State of New York, Respondent,
v
Darrell Joe, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Sheilah Fernandez of counsel), for appellant.
Darrell Joe, appellant pro se.
Darcel D. Clark, District Attorney, Bronx (Robert McIver of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered September 22, 2014, convicting defendant, upon his plea of guilty, of conspiracy in the second degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's motion to withdraw his plea, and in declining to appoint new counsel. "[T]he nature and extent of the fact-finding procedures on such motions rest largely in the discretion of the court" (People v Fiumefreddo, 82 NY2d 536, 544 [1993]). Here, the parties' written submissions, the plea minutes and the court's recollection of the plea negotiations were sufficient to determine the motion. The allegedly coercive conduct by defense counsel amounted to nothing more than frank
advice about the consequences of going to trial (see e.g. People v Fulton, 125 AD3d 511 [1st Dept 2015], lv denied 25 NY3d 1072 [2015]).
By correcting a factual misstatement by his client, counsel did not take an adverse position on the motion (see People v Mitchell, 21 NY3d 964, 967 [2013]). When defendant asserted that his counsel was the law partner of another attorney potentially involved in the case and was thereby conflicted, counsel explained that the partnership had ended years before defendant's case arose. Counsel's explanation, even if inartfully stated, fell far short of taking an adverse position.
Defendant's pro se ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
CLERK