People v Brown (2019 NY Slip Op 08540)





People v Brown


2019 NY Slip Op 08540


Decided on November 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 26, 2019

Mazzarelli, J.P., Kapnick, Gesmer, Moulton, JJ.


10452 633/17

[*1] The People of the State of New York, Respondent,
v
George Brown, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jody Ratner of counsel), for appellant.
George Brown, appellant pro se.
Darcel D. Clark, District Attorney, Bronx (Kyle R. Silverstein of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Linda Poust-Lopez, J. at plea; Cori Weston, J. at sentencing), rendered May 1, 2017, convicting defendant of attempted assault in the first degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Bryant, 28 NY3d 1094 [2016]; People v Sanders, 25 NY3d 337 [2015]). The court separated defendant's appeal waiver from its discussion of the trial rights that defendant automatically forfeited upon his guilty plea, and the oral colloquy was supplemented by an appropriate written waiver.
Defendant's waiver of his right to appeal forecloses review of his claims that his sentence was procedurally defective (see People v Fulton, 125 AD3d 511 [1st Dept 2015], lv denied 25 NY3d 1072 [2015]; People v Collier, 71 AD3d 909, 910 [2d Dept 2010], lv denied 15 NY3d 773 [2010]) and excessive. In any event, the claim regarding sentencing procedure requires preservation, and and we decline to review this unpreserved claim in the interest of justice. We also perceive no basis for reducing the sentence. To the extent that defendant's pro se claims are not either forfeited by his guilty plea or precluded by the waiver of appeal, they are unpreserved or unreviewable on direct appeal and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 26, 2019
DEPUTY CLERK